UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA SANCHEZ,

     Plaintiff,

v.                             Case No.:  8:20-cv-2955-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Sabrina Sanchez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff filed an application for supplemental security income benefits on May 31, 2018, alleging disability beginning on August 14, 2013. (Tr. 142, 250-51). The application was denied initially on September 28, 2018, and upon

reconsideration on March 6, 2019. (Tr. 142, 163). Plaintiff requested a hearing and on February 10, 2020, a hearing was held before Administrative Law Judge ("ALJ") Gonzalo Vallecillo. (Tr. 82-122). On March 23, 2020, the ALJ entered a decision finding Plaintiff not under a disability since May 31, 2018, the date the application was filed. (Tr. 35-45).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on October 14, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 11, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2018, the application date. (Tr. 37). At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus; obesity; mild persistent asthma; depressive disorder; and bipolar disorder." (Tr. 37). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 38).

Before proceeding to step four, the ALJ found that Plaintiff had the following

RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except the claimant can lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently. The claimant can stand and/or walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. The claimant may occasionally climb ladders/ropes/scaffolds, and frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to extreme cold, extreme heat, hazards, fumes, odors, dust, gases, and poor ventilation. The claimant is able to understand, carry out, and remember simple, routine, and repetitive tasks; involving only simple, work-related decisions with the ability to adapt to routine work[-]place changes. The claimant could tolerate occasional interaction with the general public.

(Tr. 40).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 44). At

step five, the ALJ relied on the testimony of a vocational expert to find that

considering Plaintiff's age (24 on the application date), education (limited), no work

experience, and RFC, there are jobs that existed in significant numbers in the

national economy that Plaintiff could perform. (Tr. 44). Specifically, the ALJ found

that Plaintiff could perform such occupations as:

(1)   marker, DOT 209.587-034, light, unskilled, SVP 2

(2)   router, DOT 222.587-038, light, unskilled SVP 2

(3)   collateral operator, DOT 208.685-010, light unskilled, SVP 2

(Tr. 45). The ALJ concluded that Plaintiff had not been under a disability since May 31, 2018, the date the application was filed. (Tr. 45).

## II.    Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ's decision was in error in its evaluation of Plaintiff's mental limitations. (Doc. 21, p. 6). Although not clear and without citation to any legal authority,[1] it appears that Plaintiff argues the ALJ should have included an unspecified neurodevelopmental disorder as a severe impairment at step two, erred in consideration of Plaintiff's mental computational functioning, and did not take into account an individual with memory issues who may not be able to perform a job. (Doc. 21, p. 6-8). The Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff was not disabled. (Doc. 22, p. 4).

### A.    Severe Impairments

Plaintiff contends that the consultative examiner, Sara E. Malowitz, Psy.D. diagnosed Plaintiff with both unspecified depressive disorder and unspecified neurodevelopmental disorder. (Doc. 21, p. 6-7). Plaintiff argues that the ALJ found

---

[1] Not only are the arguments not clear but by not citing legal authority, the Court may consider the issues raised by Plaintiff waived. It is well settled in the Eleventh Circuit, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *see, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived an issue because he did not elaborate on claim or provide citation to authority regarding claim). In any event, in this case, the Court will consider the merits of the arguments.

Plaintiff to have the severe mental impairments of depressive disorder and bipolar disorder but did not include unspecified neurodevelopmental disorder as a severe impairment. (Doc. 21, p. 7). Plaintiff adds that even the medical advisors to the State Disability Determination Services found this impairment severe. (Doc. 21, p. 8).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that *significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that she has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment ... is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

With this standard in mind, even if the ALJ should have characterized Plaintiff's unspecified neurodevelopmental disorder as a severe impairment, any error is harmless because the ALJ characterized other impairments – diabetes mellitus; obesity; mild persistent asthma; depressive disorder; and bipolar disorder – as severe. (Tr. 37). The ALJ then advanced to step three of the sequential evaluation. *See Ball*, 714 F. App'x at 993. With step two satisfied, the issue then becomes whether the ALJ considered all of Plaintiff's limitations, including unspecified neurodevelopmental disorder, in assessing the RFC.

The ALJ discussed at length Dr. Malowitz's evaluation and specifically mentioned that she diagnosed Plaintiff with unspecified neurodevelopmental disorder. (Tr. 42-43). The ALJ included most if not all of Dr. Malowitz's findings in the decision. (Tr. 42-43). Moreover, the ALJ determined:

> Other than the sections of the opinion addressing the claimant's cognitive functioning, I find [Dr. Malowitz's] opinion persuasive. The mental functional restrictions in the opinion are consistent with the signs and findings from the consultative examiner's mental status examination of the claimant, and the claimant's treatment records support no greater limitation than those opined by the consultative examiner.

(Tr. 43). Thus, the ALJ found persuasive most of Dr. Malowitz's opinions. The Court finds that even if the ALJ erred in failing to include unspecified neurodevelopmental disorder as a severe impairment at step two, the error is harmless because the ALJ considered this impairment in a lengthy discussion of Dr. Malowitz's records and in combination with Plaintiff's other impairments in determining Plaintiff's RFC.

## B.     Persuasiveness of Dr. Malowitz's Opinion

Plaintiff then appears to argue that the ALJ should have found a severely impaired mental computation ability based on Dr. Malowitz's report. (Doc. 21, p. 7). Plaintiff impliedly claims the ALJ erred in finding Plaintiff's severely impaired mental computation was inconsistent with Plaintiff's educational records. (Doc. 21, p. 7). Plaintiff argues that the school records show Plaintiff received C's and D's in

algebra 1 and D's and F's in geometry. (Doc. 21, p. 7). Plaintiff also cites her mother's statements that Plaintiff does not know how to count money, uses her fingers, and "still messes up." (Doc. 21, p. 7).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions in light of the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and

consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

In the decision, the ALJ found Dr. Malowitz's opinions persuasive other than the sections addressing Plaintiff's cognitive functioning. (Tr. 43). The ALJ supported his finding regarding Plaintiff's computational skills by considering Plaintiff's educational records. (Tr. 43). The ALJ acknowledged that Plaintiff received poor grades in some areas, but found that Plaintiff did not have an IEP (Individualized Educational Plan) and was not in special education classes. (Tr. 43). The ALJ also noted that TABE (Test for Adult Basic Education) indicated Plaintiff was a level 3, which means a lower intermediate level. (Tr. 43). The ALJ provided substantial evidence as to supportability and consistency to determine that Dr. Malowitz's opinion as to Plaintiff's cognitive functioning was unpersuasive.

Moreover, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). On consideration of the record as a whole, substantial evidence supports the ALJ's consideration of Dr. Malowitz's opinion.

## C.   Ability to Perform Jobs

Plaintiff posits that even though the jobs listed have reasoning levels of two, which are not necessarily inconsistent with simple, routine, and repetitive tasks, a person with memory issues or difficulty remembering instructions "**may** not be able to perform the job." (Doc. 21, p. 8 (emphasis added). The ALJ accounted for Plaintiff's mental impairments, including Plaintiff's alleged memory problems in the RFC.[2] In the RFC, the ALJ included limitations as to understanding, carrying out, and remembering simple routine, and repetitive tasks, involving only simple, work-related decision with the ability to adapt to routine work-place changes. (Tr. 40). The ALJ also limited Plaintiff to tolerating occasional interaction with the general public.

---

[2] Plaintiff mentions that her mother advised that Plaintiff must be told instructions once, and then in order to repeat the task, she must be given instructions again because she forgets what she is doing. (Doc. 21, p. 7). Plaintiff does not raise any argument or cite any authority regarding this statement. In the decision, the ALJ considered Plaintiff's mother's statements and determined they mirrored the persuasiveness of the allegations of the claimant. (Tr. 43).

(Tr. 40). Plaintiff has not shown that she is more limited than set forth in the RFC or that the jobs listed require more than the limitations in the RFC, especially as to computational/math skills or memory. And Plaintiff simply speculates that someone with memory issues may not be able to perform these jobs. (Doc. 21, p. 8).

When taking the evidence as a whole both favorable and unfavorable to the decision, substantial evidence supports the ALJ's decision.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 10, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties